IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| BARBARA BAKER, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. 24-CV-00034-GKF-JFJ |
| DOLGENCORP, LLC, DOLLAR GENERAL STORES OF OKLAHOMA, INC., and DOLLAR GENERAL CORPORATION, | ) ) ) ) ) ) |
| Defendants. | ) |

**OPINION AND ORDER**

This matter comes before the court on the Response to Order to Show Cause [Doc. 15] of plaintiff Barbara Baker.

In the Response, Ms. Baker objects to the court's conclusion in its February 26, 2024 Order that it appears that complete diversity jurisdiction exists and requests the court to remand the case to Tulsa County District Court.

"A defendant may remove a civil action initially brought in state court if the federal district court could have exercised original jurisdiction." *Salzer v. SSM Health Care of Okla., Inc.*, 762 F.3d 1130, 1134 (10th Cir. 2014) (citing 28 U.S.C. § 1441(a)). "However, a federal court must remand a removed action back to state court '[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction.'" *Id.* (quoting 28 U.S.C. § 1447(c)). "The party invoking federal jurisdiction has the burden to establish that it is proper." *Id.* (quoting *Basso v. Utah Power & Light Co.*, 495 F.2d 906, 909 (10th Cir. 1974)). When jurisdiction is challenged, "the defendant is required to prove jurisdictional facts by a 'preponderance of the evidence.'" *McPhail v. Deere & Co.*, 529 F.3d 947, 953 (10th Cir. 2008) (quoting *Martin v. Franklin Cap.*

*Corp.*, 251 F.3d 1284, 1290 (10th Cir. 2001)); *see also Dutcher v. Matheson*, 733 F.3d 980, 985 (10th Cir. 2013) ("As the parties removing this case to federal court, the defendants bear the burden of establishing jurisdiction by a preponderance of the evidence."); *Middleton v. Stephenson,* 749 F.3d 1197, 1200 (10th Cir. 2014) ("Start with the rule that a party invoking diversity jurisdiction bears the burden of proving its existence by a preponderance of the evidence.").

As set forth by the court in its February 26, 2024 Order, Dolgencorp, LLC submits evidence that that Dollar General Corporation is a Tennessee corporation with its principal place of business in Tennessee. [Doc. 12-3, p. 2, ¶ 8]. The evidence sufficiently shows Dollar General Corporation's citizenship, and the court is satisfied that Dollar General Corporation is a Tennessee citizen for purposes of diversity jurisdiction. *See* 28 U.S.C. § 1332(c)(1). Further, because a limited liability company takes the citizenship of all its members for purposes of diversity jurisdiction and Dollar General Corporation is the sole member of Dolgencorp, LLC, Dolgencorp, LLC is also a Tennessee citizen. *See Siloam Springs Hotel, L.L.C. v. Century Sur. Co.*, 781 F.3d 1233, 1238 (10th Cir. 2015).

Further, as discussed in the February 26 Order, Dolgencorp, LLC has established by a preponderance of the evidence that, in 1973, Dollar General Stores of Oklahoma, Inc. was merged into and became part of Dolgencorp, Inc. (now Dolgencorp, LLC). [Doc. 12-3, p. 2, ¶ 3; Doc. 12-2]. Thus, Dollar General Stores of Oklahoma, Inc. ceased to exist in 1973. Okla. Stat. tit. 18, ¶ 1088; Ky. Rev. Stat. Ann. § 271B.11-060(1)(a).

"[A] federal court must disregard nominal or formal parties and rest jurisdiction only upon the citizenship of real parties to the controversy." *Navarro Sav. Ass'n v. Lee,* 446 U.S. 458, 461 (1980). A nominal party has "no real interest in the controversy." *Hann v. City of Clinton ex rel. Schuetter*, 131 F.2d 978, 981 (10th Cir. 1942). "They tend to be formal parties without any stake

in the outcome of the litigation, such as a now-extinct corporation that has been entirely dissolved into another, surviving corporation." *Gentry v. Sikorsky Aircraft Corp.*, 383 F. Supp. 3d 442, 451 (E.D. Pa. 2019) (quotations omitted); *see also Encore Cap. Fin., Inc. v. Heartland Payment Sys., LLC*, No. CIV-18-8512, 2018 WL 2723880, at *3 (D.N.J. June 6, 2018) (total merger rendered merging party nominal). This is consistent with the general principle that "if two corporations merge, the citizenship of the surviving company is controlling for purposes of Section 1332(c)." 13F CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 3624 (3d. ed. Apr. 2023 update); *see also Meadows v. Bicrodyne Corp.* 785 F.2d 670 (9th Cir. 1986).

Dolgencorp, LLC has sufficiently demonstrated that Dollar General Stores of Oklahoma, Inc. merged into another entity in 1973 and ceased to exist. Thus, Dollar General Stores of Oklahoma, Inc. has no real interest in this controversy and is a nominal party that is disregarded to determine this court's jurisdiction.

In her objection, Ms. Baker argues that she should be permitted to conduct discovery on the existence of Dollar General Stores of Oklahoma, Inc., including "why the Secretary of State of Oklahoma states on its website that Dollar General Stores of Oklahoma Inc. continues as a domestic Oklahoma corporation, albeit in an inactive status." [Doc. 15, pp. 2-3]. But the court takes judicial notice of public records available on the Oklahoma Secretary of State's website that identify Dollar General Stores of Oklahoma, Inc.'s status as "Merged." Entity Summary Information for Dollar General Stores of Oklahoma, Inc., OKLAHOMA SECRETARY OF STATE, https://www.sos.ok.gov/corp/corpInformation.aspx?id=1910207365 (follow Business Entity Search hyperlink; then search "Dollar General Stores of Oklahoma, Inc.; follow filing number 1910207365 hyperlink).

Further, jurisdictional discovery is warranted "where 'pertinent facts bearing on the question of jurisdiction are controverted . . . or where a more satisfactory showing of the facts is necessary.'" *Sizova v. Nat'l Inst. of Standards & Tech.*, 282 F.3d 1320, 1326 (10th Cir. 2002) (quoting *Wells Fargo & Co. v. Wells Fargo Express Co.*, 556 F.2d 406, 430 n.24 (9th Cir. 1977)). Here, Ms. Baker offers no facts or evidence to controvert Dollar General Stores of Oklahoma, Inc.'s status. Instead, the relevant facts are a matter of public record. Thus, jurisdictional discovery is unnecessary.[1]

Based on the foregoing, complete diversity of citizenship exists. However, the court concludes that Dolgencorp, LLC shall be required to filed an Amended Notice of Removal to adequately allege the **citizenship** of the following: (1) plaintiff Barbara Baker, an **individual**; (2) defendant Dolgencorp, LLC, a **limited liability company**; (3) defendant Dollar General Stores of Oklahoma, Inc., a **merged entity and nominal party**; and (4) defendant Dollar General Corporation, a **corporation**. *See* 28 U.S.C. § 1653 ("Defective allegations of jurisdiction may be amended, upon terms, in the trial or appellate courts"); *Hendrix v. New Amsterdam Cas. Co.*, 390 F.2d 299, 300-02 (10th Cir. 1968). Additionally, defendants Dolgencorp, LLC and Dollar General Corporation shall be required to file separate, amended Disclosure Statements pursuant to Fed. R. Civ. P. 7.1 and LCvR 7.1-1.

WHEREFORE, the court shall retain jurisdiction over this matter.

IT IS FURTHER ORDERED that, on or before March 28, 2024, defendant Dolgencorp, LLC shall filed an Amended Notice of Removal consistent with this Order.

---

[1] However, nothing herein shall be construed to prohibit Ms. Baker from conducting discovery directed to this court's jurisdiction during the general discovery period.

IT IS FURTHER ORDERED that, on or before March 28, 2024, defendants Dolgencorp, LLC and Dollar General Corporation shall file separate, amended Disclosure Statements pursuant to Fed. R. Civ. P. 7.1 and LCvR 7.1-1.

IT IS SO ORDERED this 14th day of March, 2024.

GREGORY K. FRIZZELL
UNITED STATES DISTRICT JUDGE